exception identified above. Cellular 101 argues that AT & T, through its ownership and control of Channel, may have released the claim held jointly by Price and Channel because California Civil Code § 1475 provides that a release by one joint claimant entirely releases a jointly held debt. Relying on *Hurley v. Southern California Edison Co.*, 183 F.2d 125, 131 (9th Cir. 1950), Cellular 101 maintains that the validity of the release turns on its knowledge at the time of the AT & T agreement, including whether it had reason to know that AT & T would not account to Price, and that factfinding and further development of the record was therefore necessary. Had Cellular 101 apprised us of the AT & T settlement during the first appeal, however, we might have held as a matter of law that the terms of the AT & T agreement were unambiguous and did not release Price and Channel's administrative claim. Alternatively, we could have concluded that the provisions of California Civil Code § 1475, which pertain to obligations held by joint creditors, are simply inapplicable to joint administrative claims awarded in a bankruptcy proceeding. Indeed, it appears that, when the case was actually remanded, the bankruptcy court rejected Cellular 101's settlement and release argument on the merits without reference to any newly discovered evidence and without making any findings regarding Cellular 101's mental state.

Third, and most importantly, regardless of the likelihood that remand for factfinding might have been necessary, the decision whether and when to remand the matter was one for the court to make, not Cellular 101. Cellular 101 usurped the decision as to how the case should be organized when it proceeded with the arguments it had already presented on appeal and elected not to advise the court of an event which it believed disposed of the claim. The bankruptcy court was correct in its assessment that, having taken its shot, Cellular 101 does not get another opportunity to reach into its quiver for another arrow. Cellular 101 did not have the right to compel the court to reach Cellular 101's other arguments and to devote considerable effort to writing a published opinion, prior to ascertaining whether the parties had already resolved their dispute.

## III. Conclusion

Cellular 101 breached its duty to timely inform the court that it had reached a settlement with AT & T that it understood potentially mooted its prior appeal. As a consequence of failing to timely raise the defense of settlement and release, it waived or forfeited that defense. The BAP properly affirmed the bankruptcy court's order to disburse funds to pay the administrative claim.

**AFFIRMED.**

Tash **HEPTING, on Behalf of Himself and All Others Similarly Situated; Gregory Hicks; Erik Knutzen, on Behalf of Themselves and All Others Similarly Situated; Carolyn Jewel on Behalf of Herself and All Others Similarly Situated; Benson B. Roe, Plaintiff in related case no. C–06–03467 MMC, Plaintiffs–Appellees,**

and

**Wired News; Condenet Inc., Intervenors,**

v.

**AT & T CORPORATION, Defendant–Appellant,**

and

**AT & T, Inc., Defendant,**

**United States of America, Defendant– Intervenor.**

**Tash Hepting, on Behalf of Himself and All Others Similarly Situated; Gregory Hicks, Erik Knutzen, on Behalf of Themselves and All Others Similarly Situated; Carolyn Jewel, on Behalf of Herself and All Others Similarly Situated; Benson B. Roe, Plaintiff in related case no. C–06–03467 MMC, Plaintiffs–Appellees,**

v.

**AT & T Corporation; AT & T, Inc., Defendants,**

and

**United States of America, Defendant– Intervenor–Appellant.**

**Nos. 06–17132, 06–17137.**

United States Court of Appeals, Ninth Circuit.

Aug. 21, 2008.

Cindy A. Cohn, Electronic Frontier Foundation, Elena Maria Dimuzio, Robert D. Fram, Heller Ehrman, LLP, Eric B. Fastiff, Lieff Cabraser Heimann & Bernstein, LLP, San Francisco, CA, Jeff D. Friedman, Hagens Berman Sobol Shapiro LLP, Tze Lee Tien, Berkeley, CA, Eric A. Isaacson, Coughlin Stoia Geller Rudman & Robbins, LLP, San Diego, CA, James Samuel Tyre, Culver City, CA, Bert Voorhees, Traber, Voorhees & Olguin, Pasadena, CA, for Tash Hepting, Gregory Hicks, Erik Knutzen, Carolyn Jewel.

Barry R. Himmelstein, Lieff Cabraser Heimann & Bernstein, LLP, San Francisco, CA, for Benson B. Roe.

Timothy L. Alger, Quinn Emanuel Urquhart Oliver & Hedges LLP, Los Angeles, CA, for Intervenors.

Bradford A. Berenson, David Lawson, Sidley Austin, LLP, Michael K. Kellogg, Kellogg Huber Hansen Todd & Evans, PLLC, Washington, DC, David W. Carpenter, Sidley Austin, LLP, Chicago, IL, Bruce A. Ericson, Kevin M. Fong, Pillsbury Winthrop Shaw Pittman, LLP, San Francisco, CA, for Defendants.

Thomas M. Bondy, Anthony J. Coppolino, Douglas N. Letter, Andrew H. Tannenbaum, Anthony A. Yang, Gregory G. Garre, DOJ—U.S. Department of Justice, Washington, DC, for Defendant–Intervenor.

Before: HARRY PREGERSON, HAWKINS, and M. MARGARET McKEOWN, Circuit Judges.

**ORDER**

In light of the FISA Amendments Act of 2008, Pub.L. No. 110–261, we remand this case to the district court. We retain jurisdiction over any further appeals.